NO. 2262.—GADANNE CASANAVE *v.* PLACIDE J. SPEAR et als.

A possessor of real property under a title at probate sale, applied for a writ of injunction against the heirs who claim the same, on the allegation that he was the owner. On trial of the motion to dissolve the injunction, it was shown that all the formalities had not been observed by the administrator in making the sale of the property, and that the purchaser was not, therefore, in such a case entitled to the writ of injunction.

APPEAL from the Fourth District Court, parish of Orleans. *Théard, J.* *E. H. McCaleb,* for plaintiff and appellant. *Charles Logue,* for defendants and appellees.

HOWE, J. This is a suit which is apparently petitory in its character. The plaintiff, alleging that he acquired the property in dispute by probate sale in the succession of Mathilde Durel, and has been owner and possessor of it for upwards of a year, avers that August Cheval and Leonide Cheval are about to offer the same for sale, through the agency of Placide J. Spear, auctioneer, in violation of petitioner's right of ownership. He prayed for an injunction to restrain these parties from attempting to sell the property, or to take possession thereof, and from disturbing the plaintiff in the quiet ownership thereof; and prayed to be declared by judgment the true and lawful owner of said property.

The Chevals answered by a general denial, and the averment that they were the lawful heirs of Mathilde Durel, and had been put in possession of her succession, and prayed for a dissolution of the injunction granted with damages, etc., and to be quieted in their possession of the lot in dispute.

There was judgment dissolving the injunction and "reserving plaintiff's rights to sue in the Second District Court," and the plaintiff alone appealed. The only question, therefore, before us, is the propriety of the decree dissolving the injunction.

The suit is rather anomalous. The plaintiff alleges himself to be in possession of the lot in question, and the evidence shows he has been so for more than ten years, paying taxes and receiving rents. His right to bring a petitory action might well be doubted. Again, she asks no damages as for slander of title, or for any other reason, and

it is questionable if an injunction should issue to restrain such acts as he details. But taking his suit as petitory (C. P. 54), since he claims the ownership, he fails on the merits to make out a case.

The Chevals appear as heirs of Mathilde Durel, placed in possession of the property of her succession. He does not show that the title of the succession has been legally divested. It appears that his father, P. Casanave, applied to be appointed administrator of Mathilde Durel, and his application was granted, upon his giving bond. He never gave bond, and no letters were ever issued to him. A sale of the property being directed to be made in the same order, it was sold, and the administrator bought it, took possession of it, and paid the price for it, for the plaintiff, his son. We do not think the court *a qua* erred in dissolving an injunction sued out by a plaintiff whose title exhibits such grave defects.

Judgment affirmed.

### ON APPLICATION FOR REHEARING.

HOWE, J. It now appears that Pierre Casanave gave a bond. It was not copied in the record, and the assertion in the brief of appellees that he had never given one was not contradicted. But a copy of the bond was attached to the record by consent, in such way that it was overlooked. We are not disposed, however, to change our decree. The supposed want of a bond was but one of the defects referred to.

The prescriptions of five and ten years pleaded by plaintiff, do not apply. The former is intended to cure informalities, and the latter is based on good faith.

Rehearing refused.